IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERTO ANTONIO JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-316-D |
| | ) | |
| | ) | |
| CHARLES RAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner, a state prisoner appearing *pro se,* brought this action for a writ of habeas corpus pursuant to 28 U. S. C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. On December 20, 2007 the Magistrate Judge filed a Report and Recommendation [Doc. No. 21] in which he recommended that the Petition be denied. Petitioner's request for additional time in which to file an objection to the Report and Recommendation was granted, and Petitioner filed an objection within the extended time period. As a result, the matter is reviewed *de novo.*

Petitioner challenges his conviction in the District Court of Texas County, Oklahoma for two counts of possession of a controlled dangerous substance with intent to distribute, after former conviction of a felony. Following a bench trial, Petitioner was found guilty; he was sentenced to two concurrent 30-year sentences. He appealed his conviction and sentences, and both were affirmed in a summary opinion issued by the Oklahoma Court of Criminal Appeals. Petitioner's subsequent post-conviction relief application was denied by the trial court, and that denial was also

affirmed on appeal.

Petitioner now seeks habeas relief, asserting seven grounds:  1) his  multiple convictions violate the prohibition against double jeopardy because those convictions are based on one course of conduct ; 2)  the trial court erroneously denied his motion to suppress evidence obtained in a search; 3)  his sentence is excessive; 4)  he was denied due process in connection with his post-conviction relief application; 5) his trial counsel was ineffective; 6) he is actually innocent of the crimes at issue; and 7) his appellate counsel was ineffective.

The background of this case is  discussed in detail at pages 2 through 4 of  the Report and Recommendation, which references the relevant portions of the record.  In summary,  Petitioner's vehicle was stopped by an Oklahoma Highway Patrol Trooper who observed the vehicle traveling slower than the other traffic.  After examining  Petitioner's driver's license, the Trooper noted the vehicle was rented; the rental agreement did not list Petitioner as the person renting the vehicle or as an authorized driver, and it restricted the vehicle's use to the State of Nevada.  Petitioner had told the Trooper that he was driving his passenger to Kansas, but Petitioner could not recall the destination.  While the Trooper was questioning the passenger, another Trooper arrived with a canine; the canine alerted to the presence of drugs, and the Troopers requested and obtained consent to search the vehicle.  Two bundles containing marijuana and a separate bundle containing cocaine base were found near the glove compartment.

Petitioner and his passenger were initially charged with one count of trafficking in illegal drugs and one count of possession of a controlled dangerous substance, both after former conviction of two felonies.  After their motions to suppress were denied, each  waived his right to a jury trial; they stipulated to  facts sufficient to support a lesser charge of two counts of possession with intent

to distribute, after former conviction of one felony. The charges were amended accordingly and, based on the stipulated facts and the evidence at the preliminary hearing, Petitioner and his passenger were convicted of the lesser charge.

As explained in the Report and Recommendation, this Court may grant habeas relief only if the state court's adjudication: 1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or 2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U. S. C. § 2254(d)(1)-(2). The state court's decision is contrary to established federal law if it applies a rule that contradicts the law announced in Supreme Court cases or, where confronted with facts that are materially indistinguishable from those in a Supreme Court decision, the state court arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle announced by the Supreme Court, but it unreasonably applies that principle to the facts of the case before it. *Id.* at 413. The state court's decision is entitled to deference, even where it is presented in a summary opinion. *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

In this case, the arguments asserted by Petitioner as bases for habeas relief were considered and rejected by the Oklahoma Court of Criminal Appeals in its summary opinion addressing his direct appeal or in its later decision affirming the denial of his application for post-conviction relief. The Court has thoroughly reviewed the Report and Recommendation and its detailed analysis of the state court's determination of each of the claims asserted by Petitioner. With respect to each asserted basis for habeas relief, the Magistrate Judge correctly examined the state court's

determination of the issue and analyzed same in light of the governing Supreme Court precedent. With respect to each claim, the Magistrate Judge examined the state court's ruling and determined that the decision was not contrary to clearly established federal law and did not involve an unreasonable application of the law[1].  Furthermore, he determined that the state court's decisions on these issues were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Therefore, the Magistrate Judge correctly analyzed the decisions within the parameters established by 28 U. S. C. § 2254(d)(1) and (2).  The Court has reviewed the analysis and agrees with the Magistrate Judge's conclusions with respect to each of the seven claims asserted by Petitioner.

The Court also agrees with the Magistrate Judge that Petitioner's is not entitled to an evidentiary hearing.  This Court's authorization to conduct such a hearing is limited.  28 U. S. C. § 2254(e)(2).  For the reasons set forth at pages 20 and 21 of the Report and Recommendation, a hearing is not authorized in this case.

The Court has reviewed Petitioner's objection to the findings and conclusions set forth in the Report and Recommendation.  Having considered his arguments, the Court concludes that he has not submitted sufficient argument or authority to warrant this Court's rejection of the Magistrate Judge's recommendation.

---

[1] *As the Magistrate Judge also noted, two of Petitioner's claims must be rejected because federal habeas review is not available. First, with respect to Petitioner's claim that the evidence obtained in the search should have been suppressed, federal habeas relief is not available where the record establishes that the petitioner was afforded an opportunity for full and fair litigation of a Fourth Amendment claim. See Stone v. Powell, 428 U.S. 465, 494 (1976); Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999). The record in this case establishes that Petitioner's claim that the search violated his Fourth Amendment rights was the subject of several proceedings, and Petitioner had ample opportunity to fully and fairly litigate that claim. Second, with respect to Petitioner's contention that his due process rights were violated in connection with his post-conviction relief application, the Magistrate Judge correctly found that such challenges "fail to state a federal constitutional claim cognizable in a federal habeas proceeding." Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).  Therefore, the Magistrate Judge correctly concluded that federal habeas relief is not available on either of these claims.*

Accordingly, having conducted a *de novo* review, the Court adopts the Report and Recommendation [Doc. No. 21]. The Petition for Habeas Corpus Relief is DENIED.

IT IS SO ORDERED this   16th   day of April, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE